# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| **DARRIN ROBERTS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:06-CV-00169 |
| | ) | |
| **CSX TRANSPORTATION, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

### I. INTRODUCTION

Darrin Roberts, a railroad conductor, has two claims against his employer, CSX Transportation, Inc.: first, that because of its alleged negligence, he bumped and bruised his knee while preparing a train, making this a FELA[1] case; and second, as set out in Count II of his Complaint, CSX harassed him about his injury and later fired him, intentionally inflicting emotional distress.

The issue now is whether the second claim is legally cognizable under FELA, a question originally posed in a Motion for Judgment on the Pleadings, but now being considered as a motion for partial summary judgment since Roberts submitted some documents that were not part of his Complaint. (Docket # 11, 19.) After the conversion to a motion for partial summary judgment, counsel were allowed to supplement the record, but since neither side accepted that invitation we move on to address the issue.

In facing the issue, we believe that because Roberts's intentional infliction of emotional

---

[1] Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51, *et seq*.

1

distress claim is only based on non-physical conduct, it fails as a matter of law. Accordingly, we will GRANT the motion for partial summary judgment.

## II. FACTUAL AND PROCEDURAL BACKGROUND[2]

On February 25, 2003, Roberts was working on a train when his supervisor, J.R. Spencer, instructed him to conduct an air test. Since this job would require Roberts to walk to the rear of the train in the dark, he protested, pointing out that he did not have a working lantern or non-skid overshoes. Spencer ordered Roberts to do the test anyway, and while doing so, Roberts slipped and injured his knee.

Upon return to the engine, Roberts reported the injury to Spencer and later, when he returned to the yard, asked for medical attention. Spencer initially refused the request, but later, after the knee became swollen and painful, Spencer contacted some CSX officials. After several hours of delay, Roberts threatened to call an ambulance, prompting Spencer to drive Roberts to the hospital. At the hospital, a CSX official, R. Updike, forced the doctor to remove a new Vicodin prescription from Roberts's medical report. Roberts alleges that the conduct of Spencer and Updike were part of a CSX campaign to reduce personal injury claims by intimidating and harassing injured railroad personnel.

Later, CSX charged Roberts with providing false information concerning his injury. At the disciplinary hearing, Spencer told a significantly different version of events than those recounted by either Roberts or the railroad engineer working the train that night; nevertheless, Roberts was fired essentially for lying about his injury. Indeed, after the hearing, Updike told

---

[2] The following factual recitation is in a light most favorable to Roberts, *Chortek v. City of Milwaukee*, 356 F.3d 740, 745 (7th Cir. 2004), *cert. denied*, 543 U.S. 811 (2004), and largely parrots his Complaint since there is little else in the record.

numerous CSX employees that, "if you lie about an injury like Darrin Roberts did, you will be fired."

Following a hearing by the Public Law Board, however, Roberts was reinstated with a clear record and with CSX reimbursing his lost wages. The Federal Railroad Administration also investigated the circumstances of Roberts's firing and recommended civil penalties against CSX for "violat[ing] the provisions of the Federal regulations governing intent to harass and intimidate." Roberts claims that what he experienced was part of an ongoing campaign of harassment generally and that CSX failed to properly supervise and punish Spencer and Updike when it knew or should have known of their intimidating conduct toward employees injured on the job. As a result, Roberts claims he suffered an emotional injury compensable under FELA.[3]

The path of Roberts's legal reasoning is as follows: he suffered a physical injury when he bumped and bruised his knee; the knee injury prompted CSX to authorize, or tacitly approve, harassment and intimidation; this intentional conduct caused Roberts's emotional distress; and whether this emotional injury is connected to the physical injury is a question of fact for the jury.

CSX's reasoning in support of its motion can also be summarized as follows: Roberts alleges that his emotional injuries resulted from harassment by CSX and not his bruised knee; emotional injuries claimed under FELA must result from physical contact or the threat of physical contact; therefore, to the extent Roberts has a stand-alone claim for emotional distress not based on any actual or threatened physical contact (such as for harassment or intimidation), it fails under FELA.

---

[3] Although CSX contends that Roberts's submission from both the Public Law Board and the Federal Railroad Administration should not be considered, we have chosen to do so since its motion should be granted even when the submission is considered.

In any event, before turning to address the issue, we must first recount the applicable legal standard.

### III. STANDARD

Summary judgment may be granted only if there are no disputed genuine issues of material fact. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). When ruling on a motion for summary judgment, a court "may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Id.* The only task in ruling on a motion for summary judgment is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst*, 24 F.3d 918, 920 (7th Cir. 1994). If the evidence is such that a reasonable factfinder could return a verdict in favor of the nonmoving party, summary judgment may not be granted. *Payne*, 337 F.3d at 770. A court must construe the record in the light most favorable to the nonmoving party and avoid "the temptation to decide which party's version of the facts is more likely true[,]" as "summary judgment cannot be used to resolve swearing contests between litigants." *Id.* However, "a party opposing summary judgment may not rest on the pleadings, but must affirmatively demonstrate that there is a genuine issue of material fact for trial." *Id.* at 771.

### IV. DISCUSSION

The remedial goal of FELA is to address "injuries and death resulting from accidents on interstate railroads." *Consol. Rail Corp. v. Gottshall*, 512 U.S. 532, 542-43 (1994) (citing *Urie v. Thompson*, 337 U.S. 163, 181 (1949)). In furtherance of that purpose, the United States Supreme Court has "liberally construed" the statute, relaxing, for example, the standard of causation, so that the test is simply whether there is proof that the railroad's "negligence played

4

any part, even the slightest, in producing the injury or death for which damages are sought." *Id.* at 543 (quoting *Rogers v. Missouri Pac. R.R. Co.*, 352 U.S. 500, 506 (1957)).

Moreover, FELA imposes on a railroad the duty to avoid subjecting its workers to negligently inflicted, and presumably intentionally inflicted, emotional injury. *Gottshall*, 512 U.S. at 550. FELA, however, does not make the employer an insurer of the "emotional well-being and mental health" of its employees. *Id.* at 554. Therefore, at least as to negligently inflicted emotional distress, railroad employees can recover only if the negligent conduct resulted in actual or threatened physical contact. *Id*. at 556.

Notably, in reaching its decision in *Gottshall*, the Supreme Court cited with approval the Seventh Circuit Court of Appeals's ruling in *Lancaster v. Norfolk & Western Railway*, 773 F.2d 807, 813 (7th Cir. 1985), *cert. denied*, 480 U.S. 945 (1987), a case that stands for the proposition that FELA claims only concern injuries, emotional or physical, that result from physical contact or the threat of physical contact. *Ray v. Consol. Rail Corp.*, 938 F.2d 704, 705 (7th Cir. 1991), *cert. denied*, 502 U.S. 1048 (1992) (citing *Lancaster*, 773 F.2d at 813). The Seventh Circuit later relied on *Lancaster* in affirming the dismissal of a complaint, much like the complaint at issue here, alleging the deliberate infliction of emotional distress through unfair disciplinary proceedings and harassment. *Hammond v. Terminal R.R. Assoc. of St. Louis*, 848 F.2d 95 (7th Cir. 1988), *cert. denied*, 489 U.S. 1032 (1989).

Eventually, two categories of emotional distress claims under FELA emerged: stand-alone claims not provoked by any physical injury, for which recovery is sharply circumscribed by the so-called "zone-of-danger test"; and those brought on by a physical injury for which pain and suffering recovery is permitted. *Norfolk & W. Ry. Co. v. Ayers*, 538 U.S. 135, 146 (2003).

5

The first category is well represented by *Lancaster* and *Ray* as well as that line of cases in this Circuit establishing that any infliction of emotional distress claim brought under FELA requires a showing of physical contact or a threat of physical harm. *See Wiora v. Harrah's Ill. Corp.*, 68 F. Supp. 2d 988 (N.D. Ill. 1999) (Jones Act[4]); *Harris-Scaggs v. Soo Line R.R. Co.*, 2 F. Supp. 2d 1179, 1182 (E.D. Wis. 1998); *Starks v. Ne. Ill. Reg'l Computer R.R. Corp.*, 245 F. Supp. 2d 896, 899 (N.D. Ill. 2003); *Gillman v. Burlington N. R.R. Co.*, 673 F. Supp. 913, 916 (N.D. Ill. 1987); *Washington v. Chicago & N.W. Transp. Co.*, No. 92 C 6099, 1994 WL 24315, at *3 (N.D. Ill. Jan. 26, 1994); *Thomas v. Burlington N. R.R. Co.*, No. 90 C 2453, 1991 WL 249720, at *2 (N.D. Ill. Nov. 15, 1991) (dismissing intentional infliction of emotional distress FELA claim which resulted from non-physical harassment).

Applying the law to this record, it is clear that under Count II Roberts is advancing a stand-alone FELA claim for the intentional infliction of emotional distress stemming from non-physical contact, such as the alleged supervisor harassment, the arguably flawed disciplinary proceedings, or his wrongful firing. *Ray*, 938 F.2d at 704; *Hammond*, 848 F.2d at 96. In none of those instances does Roberts allege, let alone show, that he suffered physical contact or the threat of physical harm; consequently, his claim under Count II fails as a matter of law.

On the other hand, CSX concedes that under the second category described in *Ayers*, *supra*, Roberts may have a claim for emotional damages as part of the pain and suffering from

---

[4] The Jones Act, 46 U.S.C. app. § 688, extends similar remedies and liability standards to seamen as FELA extends to railroad workers. *Wiora*, 68 F. Supp. 2d at 995 n.4; *see Kernan v. American Dredging Co.*, 355 U.S. 426, 430 n.3 (1958). Courts may draw upon Jones Act jurisprudence when interpreting FELA. *Sobieski v. Ispat Island, Inc.*, 413 F.3d 628, 631 (7th Cir. 2005); *see Greenwell v. Aztar Ind. Gaming Corp.*, 268 F.3d 486, 489 (7th Cir. 2001), *cert. denied*, 535 U.S. 1034 (2002).

the knee injury itself to the extent that such harm arises from CSX's negligence. (Reply Br. in Support of Def.'s Mot. for J. on Pleadings as to Count II of Pl.'s Compl. 2.) Naturally, the nature and extent of those damages, if any, remain a matter of proof.

## V. CONCLUSION

Because the alleged emotional damages Roberts suffered from intentional, non-physical contact are not compensable under FELA as a matter of law, summary judgment (Docket # 11) is GRANTED to CSX on Count II of Roberts's Complaint. SO ORDERED.

Enter for June 26, 2006.

S/Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge